IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN VICTOR PARROTTE,** : | CIVIL ACTION NO. 1:21-CV-1547 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **COMMONWEALTH** : | |
| **OF PENNSYLVANIA**, *et al.*, : | |
| : | |
| Respondent : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner Justin Victor Parrotte seeks relief from a conviction and sentence in the Allegheny County Court of Common Pleas. We will dismiss the petition without prejudice for failure to exhaust state court remedies.

### I. Factual Background & Procedural History

Parrotte was found guilty of first-degree murder, unlawful possession of a firearm, and possessing a firearm without a license in the Allegheny County Court of Common Pleas on March 11, 2021 and was sentenced to life in prison without the possibility of parole. See Doc. 1; Commonwealth v. Parrotte, No. CP-02-CR-0005037-2017 (Allegheny Cty. filed Apr. 26, 2017). Parrotte appealed his conviction to the Pennsylvania Superior Court on August 12, 2021. See Commonwealth v. Parrotte, No. 922 WDA 2021 (Pa. Super. Ct. notice of appeal docketed Aug. 12, 2021). The appeal remains pending, see id., and Parrotte states that it is "[s]till believed to be going through the processing phase." (Doc. 1 at 5).

II.   **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

III.   **Discussion**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Dismissal of this case under Rule 4 is appropriate because Parrotte has failed to exhaust state court remedies. Parrotte indicates in his petition that his direct appeal is still in "the processing phase." (Doc. 1 at 5). The Superior Court's docket sheet confirms this: Parrotte appealed to the Superior Court on August 12, 2021,

and the Superior Court has not yet issued a decision on the appeal.  See Parrotte, No. 922 WDA 2021.  There is also no indication that Parrotte has filed any request for collateral relief under Pennsylvania's Post-Conviction Relief Act.  See Parrotte, No. CP-02-CR-0005037-2017.

### IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for failure to exhaust state court remedies.  A certificate of appealability will not issue because jurists of reason would not debate that Parrotte states a valid claim of a denial of a constitutional right or that the court's procedural ruling is incorrect.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 24, 2021